NO. 07-00-0395-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 6, 2001

______________________________

FRED FRAZIER and STEPHEN TURNBOUGH,

Appellant

v.

CRETE CARRIER CORPORATION and DARYL SMITH, 

Appellee

_________________________________

FROM THE 287
TH
 DISTRICT COURT OF PARMER COUNTY;

NO. 8295; HON. GORDON HOUSTON GREEN, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Fred Frazier and Stephen Turnbough (collectively referred to as Turnbough) filed suit against Crete Carrier Corporation and Daryl Smith (collectively referred to as Crete) for claims arising from a vehicular accident.  Pursuant to a jury verdict, judgment was entered in favor of Crete.  Turnbough appealed, asserting that the trial court erred by 1) admitting the testimony of an alleged expert and 2) instructing the jury on negligence 
per se
.  We affirm.

Background

On January 21, 1999, Turnbough, while driving a truck and towing a cattle trailer loaded with cattle, ran into a tractor/trailer owned by Crete.  The latter’s vehicle was attempting a left  turn from a rest stop and blocked both lanes of traffic at the time of the incident.  Turnbough allegedly attempted to brake but could not stop before colliding with the Crete vehicle.

Issue One – Expert Testimony

At trial, Crete tendered  Andrew Irwin (Irwin) as an expert witness on the issue of accident reconstruction.  While testifying, Irwin rendered opinions and observations concerning the brakes of the trailer which Turnbough towed and their capability at the time of the accident.  Before us, Turnbough argues that the testimony was inadmissible.  Though various grounds are asserted in support of the contention, only one raised here was actually urged below.  It encompassed the general complaint that Irwin had “not been properly qualified as an expert witness in accident reconstruction.”  And, it will be the only one which we address, for the others were waived.
(footnote: 1)
 Standard of Review

With respect to testifying experts, Rule 702 of the Texas Rules of Evidence governs.  According to it, a person qualified as an expert by knowledge, skill, experience, training, or education may testify on scientific, technical, or other specialized subjects if the testimony would assist the trier of fact in understanding the evidence or determining a fact issue.  
Tex. R. Evid. 
702.  Furthermore, whether the witness comes within the scope of the rule is a preliminary question decided by the trial court.  
Id. 
at 104(a); 
Gammill v. Jack Williams Chevrolet, Inc., 
972 S.W.2d 713, 718 (Tex. 1998).  Though the issue implicates the court’s discretion, 
id.
 at 718-19, the court must still determine if the witness possesses special knowledge regarding the very matter on which he proposes to render an opinion.  
Broders v. Heise, 
924 S.W.2d 148, 152-53 (Tex. 1996).  Furthermore, the party offering the testimony must demonstrate that the witness possesses such knowledge.   
Id. 
at 152-53. 

Application of Standard

Irwin testified that he 1) had obtained a Bachelor of Science degree in architectural engineering from the University of Texas, 2) spent ten years as a professional military officer and “[flew] jets for four years at Cannon,” 3) left the Air Force and “got into accident reconstruction about two-and-a-half years” prior to the trial, 4) has “gone through a good deal of training in accident reconstruction,” 5) received training in accident reconstruction at Northwestern University and Texas A & M University and through at least one correspondence course, 6) “took a class about a year ago in commercial vehicle accident reconstruction through Texas A & M University where [he] would go out and actually inspect commercial vehicles, truck tractors, trailers, not only air brake trailers but other types of trailers, such as the one involved in this wreck, and [] go to classes in how to reconstruct wrecks that pertain to commercial vehicles,” 7) had investigated from “five to 700" accidents as an accident reconstructionist, 8) was familiar with the type of brakes on the trailer towed by Turnbough, 9) had given several depositions but had never previously testified as an expert on accident reconstruction, 10 ) took (in college) engineering mechanics, two semesters of physics, two semesters of calculus, and finished with differential equations (an advanced form of calculus), which topics relate to “how car wrecks take place,” and 11) was a member of the Texas Association of Accident Reconstruction Specialists and of the Society of Automotive Engineers.   Based on this information, the trial court overruled Turnbough’s objection and concluded that Irwin was qualified as an expert in accident reconstruction.  

The foregoing evidence, if accepted as true, illustrates that he does have specialized knowledge, training, experience, and education in accident reconstruction and its related mathematical fields.  Thus, we cannot say that the trial court abused its discretion in holding that Irwin was qualified to testify as an expert on the subject.  So too do we overrule the first point of error. 

Issue Two - Jury Instruction

In their second issue, Frazier and Turnbough contend that the trial court erred by including in the jury charge an instruction on negligence 
per se
.  We are told that this was allegedly error because: 1) Turnbough had the right-of-way, 2) he had an excuse for not complying with the Texas Transportation Code provision which was allegedly violated, 3) Crete failed to prove a statutory violation, 4) exceptions to the statute applied, 5) a vehicle becoming defective while being driven on the highway did not constitute a violation of the statute, 6) Turnbough lacked notice or opportunity to discover that the brakes were defective, and 7) proof that the “brakes or their performance ability did not measure up to statutory requirements” was needed before the instruction could be included in the charge.  However, when the trial court solicited objections regarding the instruction prior to reading same to the jury, Turnbough merely said “[a]s far as the - - question number one, we don’t believe that the instruction regarding the State law in Texas requiring brakes is applicable here . . . .”      

One objecting to a charge must “point out 
distinctly
  the objectionable matter and the 
grounds
 of the objection.”  
Tex. R. Civ. Proc
.
 274 (emphasis added).  Furthermore, “[a]ny complaint . . . is waived unless 
specifically included in the objections
.”  
Id.
 (emphasis added).  Finally, the objection and its specific aspects must be uttered before the charge is read to the jury.  
In re the Marriage of De Vine
, 869 S.W.2d 415, 426 (Tex. App.–Amarillo 1993, writ denied).  

As can be seen from the words we italicized above, Rule 274 contemplates specific grounds asserted in support of the objection.  So too does it contemplate that the grounds be asserted before the charge is read to the jury.  The objection asserted at bar, however, consisted of no more than the statement that Turnbough did “not believe . . . that the instruction . . . [was] applicable . . . .”  Why it was supposedly inapplicable went unmentioned.  And, because Turnbough did not explain why or otherwise utter specific grounds supporting his contention, we conclude that his general objection was insufficient to encompass any of the seven particular complaints now urged on appeal.  Thus, we overrule the issue.  

Accordingly, the judgment is affirmed.

Brian Quinn 

   Justice

Do not publish.  

 

FOOTNOTES
1:
The other grounds, 
i.e.
 the time at which Irwin conducted an inspection, the cause of the corrosion on the wires, and Irwin’s purported rendition of a legal opinion, went unmentioned below.  Consequently, they were not preserved for appellate review.  
Tex. R. App. P. 
33.1(a); 
St. Paul’s Surplus Lines, Co. v. Dal-Worth Tank Co., 
974 S.W.2d 51, 53 (Tex. 1998).